NORMAN E. LEHRER, P.C.
Norman E. Lehrer, Esquire
1205 North Kings Highway
Cherry Hill, New Jersey 08034
856.429.4100
patents@pobox.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| LONTEX CORPORATION, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 13- |
| v. | : | |
| | : | COMPLAINT |
| OAKLEY, INC., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

Plaintiff, for its complaint against Defendant, alleges and avers as follows:

THE PARTIES, JURISDICTION AND VENUE

1.      Plaintiff, Lontex Corporation (Lontex), is a corporation of the Commonwealth of Pennsylvania, having its principal place of business at 8 DeKalb Street, Norristown, Pennsylvania 19401.

2.      Defendant, Oakley, Inc. (Oakley) is a corporation of the State of Washington, having its principal place of business at One Icon, Foothill Ranch, California 92610.

3.     This Court has jurisdiction over Counts I and II of this complaint under 28 U.S.C. §1338(a) and 15 U.S.C. §1121 in that the causes of action stated herein arise under the Trademark Laws of the United States and, particularly, 15 U.S.C. §§1114 and 1125(a). This Court has jurisdiction over the remaining counts herein under the provisions of 28 U.S.C. §1338(b) in that the claims set forth therein are joined with substantial and related claims under the Trademark Laws of the United States. Jurisdiction over the remaining counts is also proper under 28 U.S.C. §1367.

4.     Venue is proper in this judicial district under 28 U.S.C. §1391.

## FACTS APPLICABLE TO ALL COUNTS

5.     Lontex produces and sells various articles of clothing including, inter alia, shirts, T-shirts and sweatbands.

6.     In order to identify its clothing products and distinguish them from products of others, Lontex adopted the arbitrary and distinctive mark SWEAT IT OUT in 1990.

7.     Lontex has obtained numerous U.S. Trademark Registrations for its SWEAT IT OUT trademark for clothing including Registration Nos. 1,653,120; 2,015,835; 2,255,998; 2,269,445; 2,766,572 and 3,579,266. Copies of these registrations are attached hereto as Exhibits 1 – 6.

8.     The first five of Lontex's registrations (Exhibits 1 – 5) have become incontestable pursuant to 15 U.S.C. §1065.

9.     Long after Lontex adopted, used and registered its SWEAT IT OUT trademark, Oakley began selling sweatbands under the identical trademark SWEAT IT OUT. A sample advertisement for Oakley's SWEAT IT OUT headbands is attached hereto as Exhibit 7.

2

## COUNT I – TRADEMARK INFRINGEMENT AND COUNTERFEITING

10.     Lontex repeats the allegations of Paragraphs 1-10 above as if fully set forth herein.

11.     Oakley's use of the trademark SWEAT IT OUT is without permission or authority of Lontex and is likely to cause confusion, to cause mistake or to deceive and is, therefore, an infringement of Lontex's trademark rights and constitutes counterfeiting under under 15 U.S.C. §1114.

12.     On information and belief, all acts done by Oakley were done willfully with the intent to infringe upon Lontex's registered mark.

## COUNT II - FEDERAL UNFAIR COMPETITION

13.     Lontex repeats the allegations of Paragraphs 1-12 above as if fully set forth herein.

14.     Oakley's adoption and use of Lontex's trademark is without permission or authority of Oakley and is likely to cause confusion or mistake or to mislead the relevant public into believing that its goods originate with Lontex or that Oakley is somehow connected to or related to Lontex and, therefore, constitutes a false description and false representation in violation of 15 U.S.C. §1125(a).

15.     On information and belief, all acts done by Oakley were done willfully with the intent to infringe upon Lontex's rights in violation of 15 U.S.C. §1125(a).

<u>COUNT III - STATE STATUTORY INFRINGEMENT AND UNFAIR COMPETITION</u>

16.     Lontex repeats the allegations of Paragraphs 1-15 above as if fully set forth herein.

17.     The above-described acts of Oakley also constitute infringement and unfair competition in violation of the statutory laws of New Jersey (N.J.S.A. §56:4-1 to 2).

<u>COUNT IV - COMMON LAW UNFAIR COMPETITION</u>

18.     Lontex repeats the allegations of Paragraphs 1-17 above as if fully set forth herein.

19.     The above-described acts of Oakley also constitute unfair competition under the common law of New Jersey and Pennsylvania.

WHEREFORE, Lontex prays for judgment against Oakley as follows:

A.     That Oakley, its agents, servants, employees and attorneys and all those persons in active concert or participation with it who receive actual notice hereof be enjoined pendente lite and thereafter from utilizing the mark SWEAT IT OUT on sweatbands and other articles of clothing or from otherwise infringing Lontex's rights to that mark.

B.     That Oakley be required to account for and pay over to Lontex all gains, profits and advantages derived by Oakley and, in addition, the damages sustained by Lontex as a result of Oakley's infringement and unfair competition together with legal interest from the date of accrual thereof and that, because of the willful nature of such infringement and unfair competition, and pursuant to 15 U.S.C. §1117 and state law, the Court enter judgment for three times the amount of said damages.

      C.     In the alternative, that Lontex be awarded statutory damages pursuant to 15 U.S.C. §1117(c)(2) for each and every use of the SWEAT IT OUT trademark.

      D.     That pursuant to 15 U.S.C. §1117 and state law, Oakley be required to pay Lontex the cost of this action and reasonable attorney's fees.

      E.     That Lontex have such other and further relief as this Court deems just and proper.

NORMAN E. LEHRER, P.C.

By: */s/ Norman E. Lehrer*
     Norman E. Lehrer
     Attorneys for Plaintiff

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff, by its attorney, hereby demands a trial by jury of all issues triable by jury.

NORMAN E. LEHRER, P.C.


By: <u>/s/ Norman E. Lehrer</u>
     Norman E. Lehrer
     Attorneys for Plaintiff